```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
JOSE CUEVAS,                          : 12 Civ. 9004 (JSR) (JCF)
                                      : 13 Civ. 0306 (JSR) (JCF)
              Petitioner,             :    98 Cr. 1053 (JSR)
                                      :
     - against -                      :     REPORT AND
                                      :     RECOMMENDATION
UNITED STATES OF AMERICA,             :
                                      :
              Respondent.             :
- - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE JED S. RAKOFF, U.S.D.J.:

On December 10, 2012, Jose Cuevas, a federal inmate, moved under 28 U.S.C. § 2255 to vacate the sentence imposed on him in this Court following his guilty plea to certain drug conspiracy and money laundering charges. Noting that Mr. Cuevas had previously filed a motion under Section 2255, I issued an Order to Show Cause why the case should not be transferred to the United States Court of Appeals for the Second Circuit as a second or successive motion, see 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), to which Mr. Cuevas responded. For the reasons that follow, I now recommend that the matter be transferred to the United States Court of Appeals for the Second Circuit in the interest of justice pursuant to 28 U.S.C. § 1631.[1]

---

[1] On January 9, 2013, the Court received from Mr. Cuevas another motion under 28 U.S.C. § 2255, and therefore opened a new case -- 13 Civ. 0306 -- which was then consolidated with 12 Civ. 9004. (Order dated Jan. 31, 2013 ("Consolidation Order")). However, the new motion is a duplicate of the motion filed in the earlier case, and was accompanied by a letter stating in effect that it is merely a courtesy copy of the earlier motion. Because the filing of multiple § 2255 motions could prejudice Mr. Cuevas, I recommend that the Consolidation Order be vacated and that 13 Civ. 0306 be dismissed as erroneously opened.

1

Background

In October 2002, Mr. Cuevas and his brother Juan Cuevas "pleaded guilty to a three-count indictment charging them with conspiracy to distribute cocaine, conspiracy to launder money, and substantive money laundering." United States v. Cuevas, 402 F. Supp. 2d 504, 505 (S.D.N.Y. 2005), aff'd in part and remanded in part, 496 F.3d 256 (2d Cir. 2007). On March 3, 2003, Mr. Cuevas was sentenced to 235 months imprisonment. (Final Judgment in a Criminal Case at 2).[2] The Second Circuit dismissed Mr. Cuevas' direct appeal for failure to comply with its scheduling order. (Mandate dated Aug. 6, 2003).

Mr. Cuevas then filed a motion pursuant to 28 U.S.C. § 2255 to vacate his conviction. He argued that both his counsel and the Court failed to advise him prior to or during his guilty plea that an extradition decree from the Dominican Republic imposed a maximum penalty of thirty years' imprisonment, and that, "if he had known of this limitation he would not have pleaded guilty regardless of what sentence might be imposed." Cuevas, 402 F. Supp. at 507-08. He further argued that he would have raised this issue in his direct appeal "but that his trial counsel . . . failed to perfect that appeal." Id. at 508. On December 12, 2005, the Court denied the motion, finding that "there was no such limitation on . . . [the] sentence." Id. Mr. Cuevas did not appeal this decision.

---

[2] The Cuevas opinion indicates that Mr. Cuevas was sentenced to 240 months imprisonment. Id. This appears to be erroneous, as the judgment states otherwise. However, the discrepancy is immaterial to my analysis here.

2

Approximately four and one-half years later, on May 4, 2010, the Second Circuit granted Mr. Cuevas' request to reinstate the direct appeal of his judgment of conviction. (Motion to Remand for Reconsideration of Defendant's Sentence ("Motion to Remand"), United States v. Cuevas, Docket No. 10-1628CR (2d Cir. March 9, 2011), at 1, ECF No. 43-1). He then moved to remand the matter to this Court for resentencing pursuant to United States v. Crosby (Motion to Remand at 1, 8), which "implement[ed] the decision of the Supreme Court in United States v. Booker," 543 U.S. 220 (2005), rendering the United States Sentencing Guidelines advisory. Crosby, 397 F.3d 103, 105, 113 (2d Cir. 2005), abrogated in part on other grounds as recognized in United States v. Lake, 419 F.3d 111, 113 n.2 (2d Cir. 2005). The Court of Appeals granted the motion (Mandate dated June 7, 2011 ("June 7 Mandate"), at 1), and Mr. Cuevas thereafter filed a motion for resentencing before Judge Rakoff. In November 2011, Judge Rakoff denied the motion, finding that he would have imposed the same sentence even if the Sentencing Guidelines had been advisory rather than mandatory. United States v. Cuevas, No. 98 Cr. 1053-02, 2011 WL 5579047, at *1-2 (S.D.N.Y. Nov. 15, 2011), aff'd, 484 F. App'x 642 (2d Cir. 2012).

Mr. Cuevas' current motion argues that (1) his trial counsel was ineffective for advising him to plead guilty to all counts in the indictment (Motion in Support of Petitioners' [sic] Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 dated Dec. 6, 2012 ("§ 2255 Motion"), at 1-3); (2) as a result of this ineffectiveness, his plea was not knowing and intelligent (§ 2255

3

Motion at 4-14); (3) neither his trial counsel nor Judge Rakoff advised him of the immigration consequences of his plea, in violation of Padilla v. Kentucky, __ U.S. __, 130 S. Ct. 1473 (2010) (§ 2255 Motion at 15-20); (4) he was not competent to enter his plea (§ 2255 Motion at 21-28); and (5) his plea allocution was insufficient under Rule 11 of the Federal Rules of Criminal Procedure (§ 2255 Motion at 29-30). In his response to the Order to Show Cause, Mr. Cuevas also asserts that he is actually innocent of the crimes to which he pled guilty. (Movant's Response to the Court's Order to Show Cause Why the Matter Should not be Transferred to the United States Appellate Court, Second Circuit dated Jan. 4, 2013, at 2).

Discussion

A motion under 28 U.S.C. § 2255 is considered second or successive "if a previous habeas petition filed by the movant challenged the same conviction or sentence and was adjudicated on the merits or dismissed with prejudice." Carmona v. United States, 390 F.3d 200, 202 (2d Cir. 2004). Before a second or successive motion can be filed in a district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The court of appeals will certify the motion if it contains either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a

4

new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). In this Circuit, the proper procedure when a second or successive motion under § 2255 is filed in the district court without authorization from the court of appeals is for the district court to transfer the matter to the Second Circuit in the interest of justice pursuant to 28 U.S.C. § 1631 without reaching the merits. Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996); accord Mateo v. United States, __ F. Supp. 2d __, __, 2012 WL 5462584, at *1 (S.D.N.Y. 2012).

Mr. Cuevas' previous § 2255 motion was denied on the merits on December 12, 2005. See Cuevas, 402 F. Supp. 2d at 507-08. That would normally end the matter and require transfer of the current petition. However, in this case it must be determined whether the reinstatement of Mr. Cuevas' direct appeal and the ensuing remand under Crosby affect the analysis.

In Magwood v. Patterson, the petitioner, a state prisoner who had been sentenced to death, challenged his conviction and sentence in a petition under 28 U.S.C. § 2254. __ U.S. __, __, 130 S. Ct. 2788, 2791 (2010). The district court conditionally granted the writ as to the sentence, requiring him to be released or resentenced. Id. After a new sentencing hearing, the trial court again sentenced him to death. Id. The petitioner filed another application for a writ of habeas corpus challenging the new sentence, which the district court again conditionally granted. Id. The Eleventh Circuit reversed, holding that the later petition

5

"was an unreviewable 'second or successive' challenge under 28 U.S.C. § 2244(b) because he could have mounted the same challenge to his original death sentence." Id. at 2792. The Supreme Court reversed, holding that, because the petitioner had been resentenced, the later petition was not second or successive; rather, it was the "first application challenging that intervening judgment." Id. at 2801.

The Second Circuit held in Johnson v. United States that the rule announced in Magwood also applies to motions under § 2255, so that "where . . . a prisoner who successfully challenged his judgment of conviction in a prior § 2255 motion files a subsequent § 2255 motion challenging the unamended portions of his underlying conviction and sentence," the subsequent petition is not successive. 623 F.3d 41, 45-46 (2d Cir. 2010). Courts have interpreted Magwood and Johnson to apply where a judgment is amended between the filing of two habeas petitions "regardless of whether that new judgment was entered as a result of the first petition." Mercado v. Lempke, No. 11 Civ. 6529, 2012 WL 4465580, at *7 (S.D.N.Y. Aug. 6, 2012) (collecting cases).

In this case, however, there was no resentencing and no amended judgment. A remand under Crosby is "not for the purpose of a required resentencing, but only for the more limited purpose of permitting the sentencing judge to determine whether to resentence." Crosby, 397 F.3d at 117; (June 7 Mandate at 1-2). Judge Rakoff considered the question, and held that resentencing was not warranted. Cuevas, 2011 WL 5579047, at *2. Thus, Mr.

6

Cuevas' sentence was not disturbed and no new judgment was entered. Magwood and Johnson therefore do not apply.

Nor does Mr. Cuevas benefit from the rule of Urinyi v. United States, 607 F.3d 318 (2d Cir. 2010), and Vu v. United States, 648 F.3d 111 (2d Cir. 2011), which held that a § 2255 motion that merely sought reinstatement of the applicant's right to a direct appeal does not render a subsequent § 2255 motion attacking the underlying conviction second or successive. See Vu, 648 F.3d at 112 (holding that initial unsuccessful § 2255 motion seeking reinstatement of right to appeal does not render subsequent § 2255 motion successive); Urinyi, 607 F.3d at 321 (holding that initial successful § 2255 motion seeking reinstatement of right to appeal does not render subsequent § 2255 motion successive). Instead, because the prior motion involved only the right to appeal, the subsequent application "represents [the movant's] 'one full opportunity to seek collateral review' of his conviction and sentence." Urinyi, 607 F.3d at 321 (quoting Vasquez v. Parrot, 318 F.3d 387, 390 (2d Cir. 2003)); accord Vu, 648 F.3d at 114 (holding that reasoning of Urinyi applies equally when initial motion is unsuccessful). But here, Mr. Cuevas' first § 2255 motion challenged his conviction and sentence on the merits. See Cuevas 402 F. Supp. 2d at 505, 507-08. That his right to a direct appeal was later reinstated does not change the fact that he has had his one full opportunity to seek collateral review. The subsequent application at issue here should therefore be transferred to the Second Circuit to consider whether to issue an order authorizing

this Court to consider the motion.

Conclusion

For the foregoing reasons, I recommend that the order consolidating these cases (Document no. 8 in 12 Civ. 9004 and Document no. 2 in 13 Civ. 0306) be vacated and that 13 Civ. 0306 be dismissed as erroneously opened. I further recommend that 12 Civ. 9004 be transferred to the United States Court of Appeals for the Second Circuit in the interest of justice pursuant to 28 U.S.C. § 1631. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of Court, with extra copies delivered to the chambers of the Honorable Jed S. Rakoff, U.S.D.J., Room 1340, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully Submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         February 7, 2013

Copies mailed this date:

Jose Cuevas
25328-069
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

Martin S. Bell, Esq.
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007